

Frank W. Volk
United States District Judge

Dated: December 13th, 2019

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| IN RE: | CASE NO. 2:19-bk-20399 |
|---|---|
| DUANE ALAN MILLS and KRIS HEIDENREICH MILLS, | CHAPTER 13 |
| Debtors. | JUDGE FRANK W. VOLK |

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

Pending is Southpointe Subdivision Homeowner's Association's ("Southpointe") Motion to Dismiss Case for Bad Faith and Abuse with Prejudice, filed on October 2, 2019 [dckt. 14]. The Debtors did not respond to the Motion, but a hearing was held on November 6, 2019. Both Southpointe and the Mills appeared and presented argument. The Court did not require any further briefing. The matter is ready for adjudication.

**I.**

The Mills have resided in the Southpointe residential subdivision located in Charleston, West Virginia since 2001. Southpointe is a secured creditor in the above-captioned bankruptcy case by way of statutory liens and judicial judgments. These liens stem from the Mills' failure to pay Southpointe assessments; they have not paid these assessments since 2014. They have also not made a mortgage payment since 2016.

The Mills' home is also subject to a first deed of trust and note executed in favor of Fremont Investment & Loan. Subsequently, the note and deed of trust were transferred to HSBC

Bank USA, N.A. ("HSBC") as Trustee. Although HSBC is not a party to the Motion to Dismiss, its historical attempts at foreclosure on the Mills' property are relevant.

HSBC has initiated six foreclosure proceedings against the Mills' home since July 2017. Three of those foreclosure sales were stymied by the Mills' bankruptcy filings. The filings were all initiated within a day of, and in two cases, within hours of the scheduled foreclosure sales. The other sales were terminated by HSBC for unknown reasons.

The Mills have filed five bankruptcy petitions; they are listed below, along with the present case:

| Case No. | Scheduled Foreclosure Sale | Date Filed | Date Dismissed | Other Notes |
|---|---|---|---|---|
| 92-30282 (Ch. 13) | N/A | May 29, 1992 | November 23, 1993 | Dismissed on motion by the Chapter 13 Trustee for Failure to Make Plan Payments. |
| 96-20435 (Ch. 13) | N/A | May 16, 1996 | N/A | Debtors completed their plan payments and received a discharge on December 19, 2002. |
| 17-20447 (Ch. 11) | August 28, 2017, 5:38 p.m. | August 28, 2017, 12:12 p.m. | October 30, 2017 | Dismissed on motion by the United States Trustee **with prejudice** for failure to file documents and appear at the 341 Meeting of Creditors. Debtors **barred from re-filing for 180 days.** |
| 19-20221 (Ch. 13) | May 24, 2019, 1:09 p.m. | May 24, 2019, 9:18 a.m. | June 18, 2019 | Dismissed by the Court for failure to comply with court order requiring revised documents. |
| 19-20399 (Ch. 13) | September 13, 2019 | September 12, 2019 | Case is pending. | Debtors have not filed Schedules, SOFA, or a Chapter 13 Plan. |

2

In their 2017 case, the Mills filed for bankruptcy protection under Chapter 11 a mere five hours before a scheduled foreclosure sale on their home. The Mills never filed schedules, a Statement of Financial Affairs, or credit counseling certificates. As small business debtors, the Mills also never filed an Initial Operating Report, tax returns, financial statements, or six-month projections, nor did they provide the United States Trustee with required insurance certificate and bank authorization forms. Furthermore, the Mills did not appear at their scheduled Section 341 Meeting of Creditors. This Court dismissed the case and barred the Mills from re-filing a bankruptcy petition for 180 days pursuant to 11 U.S.C. § 109(g).

On May 24, 2019, the Mills filed their first 2019 bankruptcy petition less than four hours before a scheduled foreclosure sale on their home. The petition was skeletal. This Court entered an order on May 28, 2019, directing the Debtors to correct a filing deficiency; specifically, the Mills had not provided their full names. The Mills did not comply with that order, nor did they file any of the required documents (schedule, SOFA, Chapter 13 Plan, etc.). The case was conditionally dismissed on June 8, 2019, for failure to file a Chapter 13 Plan and was ultimately dismissed on June 18, 2019, for failure to abide by the Court's order of May 28, 2019.

The instant case was filed a day before another scheduled foreclosure sale. As is their pattern, the Mills filed a skeletal petition, with the remaining bulk of their documents due on September 27, 2019. To date, none of those documents have been filed, including the schedules, SOFA, and Chapter 13 Plan. A Notice of Conditional Dismissal for Failure to File a Chapter 13 Plan was entered on September 27, 2019. The Mills have made no plan payments. They did appear at their scheduled 341 Meeting of Creditors, but the Chapter 13 Trustee reported that she could not conduct the meeting because none of the bankruptcy documents had been filed. She rescheduled the meeting and the Mills failed to appear on the rescheduled date.

At the hearing on Southpointe's Motion to Dismiss, the Mills indicated that they understood the filing deficiencies in their case and agreed that dismissal was appropriate. However, they asserted that they did not believe their filings were abusive and requested that the Court dismiss their case without prejudice. The Mills stated their intention to retain counsel and immediately re-file another bankruptcy case. Southpointe stood by its Motion to Dismiss and requested a two-year bar to re-filing.

Additionally, in all their above-discussed cases, the Mills have requested to pay their filing fees in installments. No installment payment has ever been remitted to the Court. The Mills are thus indebted to the Court in the amount of $2,337 for unpaid filing fees.

## II.

**A.    Governing Standard**

Title 11 U.S.C. § 109 governs who may be a debtor. Section 109(g)(1) provides as follows:

> (g) Notwithstanding any other provision of this section, no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if--
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case . . . .

11 U.S.C. § 109(g)(1).

This 180-day filing ban is "an extraordinary remedy for perceived abuses of the [Bankruptcy] Code." *Houck v. Substitute Trustee Servs.*, 791 F.3d 473 (4th Cir. 2015) (quoting *Frieouf v. United States (In re Frieouf)*, 938 F.2d 1099, 1104 (10th Cir. 1991) (internal quotation marks omitted)). "Willful," although not defined in the Bankruptcy Code, has been interpreted as meaning "deliberate or intentional." *Denisar v. Payne*, No. 5:12cv00090, 2013 U.S. Dist. LEXIS

10047, at *9 (W.D. Va. Jan. 25, 2013) (quoting *Walker v. Stanley*, 231 B.R. 343, 347-47 (N.D. Cal. 1999) (citing *In re Herrera*, 194 B.R. 178, 188 (Bankr. N.D. Ill. 1996))). Failing to make a Chapter 13 Plan payment or missing a single hearing or 341 meeting of creditors does not rise to the level of "willful." *Id.* However, courts have interpreted repeated conduct as deliberate conduct. *Id.* And, importantly, "the court will infer from a pattern of dismissals and re-filing in unchanged circumstances willful failure to abide by orders of the court and an abuse of the bankruptcy process which this amendment was designed to prevent." *Id.* at *10 (quoting *Walker*, 231 B.R. at 348 (quoting *Hererra*, 194 B.R. at 189 (quoting *In re Nelkovski*, 46 B.R. 542, 545 (Bankr. N.D. Ill. 1985)))).

For example, in *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933 (4th Cir. 1997), the debtor failed to attend the initial creditors meeting and did not file schedules. Our court of appeals described these actions as constituting "an abuse of the protection afforded her by the bankruptcy system." *Tomlin*, 105 F.3d at 941. Furthermore, "[h]er purpose seemed clear; by continuously filing petitions, the automatic stay prevented foreclosure action on her home." *Id.* Importantly, the court of appeals noted that the *Tomlin* debtor's behavior was "the very behavior for which Congress formulated § 109(g)." *Id.*

Importantly, § 109(g) does not limit a court's authority to impose a longer re-filing bar as a sanction. Courts within the Fourth Circuit read § 349(a) of the Bankruptcy Code as allowing dismissals with bars to re-filing under two circumstances: "(1) if the court, for cause, so orders, or (2) if the terms of § 109(g) apply to debtors' case." *Jolly v. Great Western Bank (In re Jolly)*, 143 B.R. 383, 387 (E.D. Va. 1992), *aff'd*, 45 F.3d 426 (4th Cir. 1994). Therefore, "so long as the dismissing court finds cause, a bankruptcy action may be dismissed with prejudice for 180 days, *or more*, without violating the terms of § 349(a) or, for that matter, §109(g)." *Id.* (emphasis

5

added); *see also In re Weaver*, 222 B.R. 521, 523 n.1 (Bankr. E.D. Va. 1998); *In re Robertson*, 206 B.R. 826, 830 (Bankr. E.D. Va. 1996).  In *In re Stockwell*, the United States Bankruptcy Court for the Eastern District of North Carolina concluded that "continuous bad faith conduct . . ." justified a re-filing injunction of longer than 180 days. *In re Stockwell*, 579 B.R. 367, 374 (Bankr. E.D.N.C. 2017).  It is thus well-settled that bankruptcy courts, pursuant to § 349(a), have discretion to "prohibit the filing of a petition within a set time . . . ." *Weaver*, 222 B.R. at 522 (discussing a previous decision to bar the debtor from re-filing for 12 months).

B.    Analysis

### 1. Bar to Refiling and Dismissal

The Mills' misconduct warrants action under sections 109(g)(1) and 349(a); they have flagrantly disregarded the bankruptcy process.  They filed their cases in a deliberate attempt to thwart multiple foreclosure sales and then took no action to abide by the Code. This pattern evidences deliberateness and willfulness.  The Court infers from their actions an abuse of the bankruptcy process. Their behavior, as in *Tomlin*, is the very behavior for which Congress formulated section 109(g)(1).  And, inasmuch as the Mills were not deterred by the 180 day re-filing bar imposed with the dismissal of their 2017 case, the Court finds cause to impose a longer sanction pursuant to § 349(a).  Accordingly,

It is **ORDERED** that the above-captioned case be, and is hereby, **DISMISSED WITH PREJUDICE.**

It is further **ORDERED** that the Mills be, and are hereby, barred from filing another bankruptcy case under this title for two years from the entry of this written opinion and order.

In the event the Debtors ignore the bar period and file anew prior to expiration of such period, the trustee may move for dismissal and an order to show cause.

### 2. Outstanding Filing Fees

As stated previously, the Mills owe $2,337 in filing fees, as they have not remitted a single payment in any of their cases since 2017. Accordingly,

It is **ORDERED** that, prior to any new filings under this title, the Mills shall pay their outstanding filing fee balance. In the event they file a new bankruptcy case following expiration of the bar period and they have not at that time paid the $2,337 due and owing, the trustee may move promptly for dismissal. *See, e.g.*, *In re Domenico*, 364 B.R. 418, 423 (Bankr. D.N.M. 2007) ("The Court therefore concludes that the phrase 'any fees or charges required under chapter 123 of title 28' is not limited to those fees or charges arising out of the Debtor's current case, but in this instance also includes the $144 remaining unpaid from his previous chapter 13 case.").